IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEILA LEWIS, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-0239 |
| § | |
| OCEAN SHIPS, INC., § | |
|     Defendant. § | |

## ORDER

This case is before the Court on Plaintiff Sheila Lewis's Motion for Leave to File and Serve Amended Complaint ("Motion for Leave to Amend") [Doc. # 14], to which Defendant filed a Response in Opposition [Doc. # 16], and Plaintiff filed a Reply [Doc. # 18].[1] The Court **grants** Plaintiff's Motion for Leave to Amend.

The deadline for amendments to pleadings was July 31, 2006. *See* Docket Control Order [Doc. # 13]. Plaintiff filed her Motion for Leave to Amend on July 28, 2006, prior to the amendment deadline. As a result, the Motion for Leave to Amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998).

---

[1] Plaintiff filed a "Motion for Leave to File Supplemental Memorandum in Support of Amended Complaint [Doc. # 18], to which the memorandum was attached. Because Plaintiff is entitled to file a Reply brief without leave of court, the Motion for Leave is granted and the memorandum is deemed timely-filed.

Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted).  However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003).  If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial.  *Lyn-Lea*, 283 F.3d at 286; *Lone Star Ladies Invest. Club v. Schlotzky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (denying leave to amend absent articulable reason is an abuse of discretion).

In this case, there is no indication of undue delay, bad faith, or dilatory motive on Plaintiff's part.  There is no reason to believe that Defendant will be unduly

prejudiced by the amendment, or that the requested amendment is futile.  Therefore, absent any substantial reason to deny Plaintiff's timely motion, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend [Doc. # 14] and Plaintiff's Motion for Leave to File Supplemental Memorandum [Doc. # 18] are **GRANTED**.  Counsel for Plaintiff is directed to file the Amended Complaint as a separate docket entry.

SIGNED at Houston, Texas, this **22nd** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge